UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION,<br><br>                Plaintiff,<br><br>       v.<br><br>ABLE PLANET, INC.,<br><br>                Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**BOSE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bose Corporation ("Bose") brings this complaint for patent infringement against Able Planet, Inc. ("Able Planet"). Able Planet markets and sells noise cancelling headphones that infringe three patents owned by Bose.

**The Parties**

1. Plaintiff Bose is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at The Mountain, Framingham, Massachusetts, 01701, within this judicial district.

2. Bose was founded in 1964 in Massachusetts. For nearly 50 years, Bose's research and development in the fields of speaker design and pyschoacoustics – the human perception of sound – have led to groundbreaking developments in speaker and sound systems. These developments paved the way for Bose's revolutionary QuietComfort® Acoustic Noise Cancelling® Headphones. These headphones reduce external noise and are comfortable to wear.

1

3. Defendant Able Planet, upon information and belief, is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 10601 W. I-70 Frontage Road North, Wheat Ridge, Colorado, 80033.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Able Planet is subject to personal jurisdiction in this district because it maintains continuous and systematic contacts with the Commonwealth of Massachusetts and this judicial district.

7. Upon information and belief, Able Planet is subject to personal jurisdiction in this district because it is purposefully engaging in activities within the Commonwealth of Massachusetts and in this judicial district that give rise to Bose's claims for patent infringement.

8. Upon information and belief, Able Planet resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

9. Upon information and belief, venue for this infringement action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b), at least because Able Planet resides in this district and has committed acts of infringement in this district.

**The Patents-in-Suit**

10. As a result of its groundbreaking research and development work on noise cancellation headphones, Bose has been awarded many United States patents, including the three patents-in-suit.

11. On August 12, 2008, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 7,412,070 ("the '070 Patent"), entitled "Headphoning" to David Kleinschmidt, Leonid Pavlotsky, and Roman Sapiejewski. Bose is the owner by assignment of the '070 Patent. A true and accurate copy of the '070 Patent is attached as Exhibit A.

12. On June 28, 2011, the PTO duly and legally issued United States Patent No. 7,970,159 ("the '159 Patent"), entitled "Headphoning" to David Kleinschmidt, Leonid Pavlotsky, and Roman Sapiejewski. Bose is the owner by assignment of the '159 Patent. A true and accurate copy of the '159 Patent is attached as Exhibit B.

13. On January 22, 2013, the PTO duly and legally issued United States Reissued Patent No. 43,939 ("the '939 Patent"), entitled "Headset Noise Reducing" to Roman Sapiejewski and Michael J. Monahan. Bose is the owner by assignment of the '939 Patent. A true and accurate copy of the '939 Patent is attached as Exhibit C.

14. Bose's noise cancellation headphones incorporate the patented technology in the '070, '159, and '939 Patents.

**Count I**
**Infringement of U.S. Patent No. 7,412,070**

15. Bose re-alleges and incorporates herein by reference the allegations in paragraphs 1-14 of this Complaint.

16. Able Planet markets and sells consumer electronics, including noise cancellation headphones. For example, Able Planet markets and sells noise cancellation headphones under its "True Fidelity," "Travelers' Choice," and "Musicians' Choice" brands, among other brands (collectively "the Accused Products").

17. In violation of 35 U.S.C. § 271(a), Able Planet has directly infringed and continues to directly infringe one or more claims of the '070 Patent by making, using, offering for sale, selling in the United States and/or importing into the United States the Accused Products.

18. Upon information and belief, Able Planet has been aware of the '070 Patent from at least December 12, 2008. Able Planet filed Patent Cooperation Treaty Application No. PCT/US08/86701 on December 12, 2008 ("the PCT Application"). In the PCT Application, Able Planet identified the '070 Patent and described it as "disclos[ing] a headphone having a pair of earcups, each earcup having a loudspeaker driver located off-center in an internal cavity."

19. Upon information and belief, Able Planet has been aware of the '070 Patent as a result of its monitoring of publicly available documents filed by Bose in the PTO.

20. Bose marks its QuietComfort Acoustic Noise Cancelling Headphones with the '070 Patent.

21. Upon information and belief, Able Planet will continue to infringe the '070 Patent unless enjoined by this Court.

22. Able Planet does not have a license to the '070 Patent or permission to use the '070 patented technology.

23. As a result of Able Planet's infringement of the '070 Patent, Bose has been irreparably injured, and Bose will suffer additional irreparable injury unless and until Able Planet is enjoined by this Court.

24. As a result of Able Planet's infringement of the '070 Patent, Bose has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, and potential sales that Bose would have made but for Able Planet's infringing acts.

25. Able Planet's infringement of the '070 Patent is and has been willful. Upon information and belief, despite knowledge of the '070 Patent, despite an objectively high likelihood that its actions constituted infringement of the '070 Patent, despite that Able Planet knew or should have known of that objective likelihood, Able Planet has infringed and will continue to infringe the '070 Patent with reckless disregard of it, by continuing to make, use, offer to sale, sell and/or import into the United States the Accused Products. Upon information and belief, despite Able Planet's knowledge of the '070 Patent and its knowledge of its infringing acts, Able Planet has taken no steps to discontinue its sales of the Accused Products or remove the Accused Products from the market, and has continued its infringing acts.

## Count II
## Infringement of U.S. Patent No. 7,970,159

26. Bose re-alleges and incorporates herein by reference the allegations in paragraphs 1-25 of this Complaint.

27. Able Planet markets and sells noise cancellation headphones, including the Accused Products.

28. In violation of 35 U.S.C. § 271(a), Able Planet has directly infringed and continues to directly infringe one or more claims of the '159 Patent by making, using, offering for sale, selling in the United States and/or importing into the United States the Accused Products.

29. Able Planet has had actual notice of the '159 Patent and its infringing acts at least as a result of this Complaint.

30. Upon information and belief, Able Planet has been aware of the '159 Patent as a result of its monitoring of publicly available documents filed by Bose in the PTO.

31. Bose marks its QuietComfort Acoustic Noise Cancelling Headphones with the '159 patent.

32. Upon information and belief, Able Planet will continue to infringe the '159 Patent unless enjoined by this Court.

33. Able Planet does not have a license to the '159 Patent or permission to use the '159 patented technology.

34. As a result of Able Planet's infringement of the '159 Patent, Bose has been irreparably injured, and Bose will suffer additional irreparable injury unless and until Able Planet is enjoined by this Court.

35. As a result of Able Planet's infringement of the '159 Patent, Bose has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, and potential sales that Bose would have made but for Able Planet's infringing acts.

**Count III**
**Infringement of U.S. Reissued Patent No. 43,939**

36. Bose re-alleges and incorporates herein by reference the allegations in paragraphs 1-35 of this Complaint.

37. Able Planet markets and sells noise cancellation headphones, including the Accused Products.

38. In violation of 35 U.S.C. § 271(a), Able Planet has directly infringed and continues to directly infringe one or more claims of the '939 Patent by making, using, offering for sale, selling in the United States and/or importing into the United States the Accused Products.

39. Able Planet has had actual notice of the '939 Patent and its infringing acts at least as a result of this Complaint.

40. Upon information and belief, Able Planet has been aware of the '939 Patent as a result of its monitoring of publicly available documents filed by Bose in the PTO.

41. Bose marks its QuietComfort Acoustic Noise Cancelling Headphones with the '939 patent.

42. Upon information and belief, Able Planet will continue to infringe the '939 Patent unless enjoined by this Court.

43. Able Planet does not have a license to the '939 Patent or permission to use the '939 patented technology.

44. As a result of Able Planet's infringement of the '939 Patent, Bose has been irreparably injured, and Bose will suffer additional irreparable injury unless and until Able Planet is enjoined by this Court.

45. As a result of Able Planet's infringement of the '939 Patent, Bose has suffered and will continue to suffer damages, in an amount yet to be determined, including due to loss of sales, profits, and potential sales that Bose would have made but for Able Planet's infringing acts.

## **Prayer for Relief**

WHEREFORE, Bose respectfully requests the following relief:

A. A declaration that Able Planet has infringed the '070, '159 and '939 Patents under 35 U.S.C. § 271, and final judgment incorporating the same;

B. Equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Able Planet and its officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with them, from continued infringement of the '070, '159 and '939 Patents;

C. An accounting of all infringing sales and other infringing acts by Able Planet;

D. An award of damages sufficient to compensate Bose for Able Planet's infringement of the '070, '159 and '939 Patents, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. An order compelling an accounting for infringing acts not presented at trial and an award by the Court of additional damages for such acts;

F. An order finding that Able Planet's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

G.      An order finding that this is an exceptional case under 35 U.S.C. § 285 and awarding relief, including reasonable attorneys' fees, costs, and expenses; and

H.      Such other relief as is just and proper.

## Jury Demand

Under Rule 38 of the Rules of Civil Procedure, Bose demands a trial by jury of all issues triable to a jury.

Dated: April 4, 2013

/s/ Craig R. Smith
Craig R. Smith
LANDO & ANASTASI, LLP
Craig R. Smith (BBO #636,723)
One Main Street
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070
CSmith@LALaw.com

Attorneys for Plaintiff
Bose Corporation